# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| SMART PROPERTIES & LOGISTICS LLC, ) | Case No. 1:25-cv-56 |
| ) | |
| Plaintiff and ) | Judge J. Philip Calabrese |
| Counter-Claim Defendant, ) | |
| ) | Magistrate Judge Reuben J. Sheperd |
| v. ) | |
| ) | |
| DWAYNE LEVY, ) | |
| ) | |
| Defendant and ) | |
| Counter-Claim Plaintiff. ) | |
| ) | |

## OPINION AND ORDER

In municipal court, Smart Properties & Logistics LLC sought to evict Dwayne Levy, who filed a counterclaim for breach of contract seeking $79,500 in damages. Then, he removed this lawsuit to federal court. For the following reasons, the Court determines that it lacks subject matter jurisdiction and remands this action to the Garfield Heights Municipal Court.

## BACKGROUND

On December 19, 2024, Smart Properties & Logistics LLC filed suit in municipal court against Dwayne Levy for forcible entry and detainer. (ECF No. 1-1, PageID #9.) According to that lawsuit, Mr. Levy rented property from Smart Properties & Logistics and violated the terms of the lease. (*Id.*) On January 10, 2025, Mr. Levy answered that complaint and filed a counterclaim. (*Id.*, PageID #42.) In his counterclaim, Mr. Levy claims that Smart Properties & Logistics breached the

lease agreement. (*Id.*) He asserts a single claim under Ohio law for breach of contract and seeks $79,500 in damages. (*Id.*, PageID #42–43.)

On January 13, 2025, Mr. Levy removed this action to federal court, invoking federal question jurisdiction under 28 U.S.C. § 1331. (ECF No. 1, PageID #3.) Also, he asserts that the Court may exercise jurisdiction under 28 U.S.C. § 1441. (*Id.*, PageID #4.) When removing this action, Mr. Levy sought leave to proceed *in forma pauperis*.

## ANALYSIS

The Court has an independent obligation to examine its own jurisdiction. *See, e.g.*, *Nikolao v. Lyon*, 875 F.3d 310, 315 (6th Cir. 2017) (citations and quotations omitted); *Mercurio v. American Express Centurion Bank*, 363 F. Supp. 2d 936, 938 (N.D. Ohio 2005). Federal courts have limited jurisdiction, possessing only that power the Constitution and Congress authorize. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). A defendant may remove a case to federal court only if it could have been filed there in the first place. *Strong v. Teletronics Pacing Sys., Inc.*, 78 F.3d 256, 256 (6th Cir. 1996). As the party invoking federal jurisdiction, a defendant seeking to remove the case bears the burden of establishing that the Court would have had original jurisdiction if the plaintiff filed in federal court in the first instance. *See, e.g.*, *Conrad v. Robinson*, 871 F.2d 612, 614 (6th Cir. 1989). Courts strictly construe the removal statute and resolve all doubts in favor of remand. *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549–50 (6th Cir. 2006).

I.   *In Forma Pauperis*

As a threshold matter, Mr. Levy seeks to proceed without payment of the filing fee pursuant to 28 U.S.C. § 1915.  His motion to proceed *in forma pauperis* constitutes a sworn statement of truth made under penalty of perjury.  (ECF No. 2, PageID #50.) He attests that he has very little income (less than $1,000 per month), and monthly expenses over $2,000.  (*Id.*, PageID #50–53.)  Also, he attests that he lost his job three years ago, has exhausted his savings, is facing homelessness, and cannot afford the filing fee.  (*Id.*, PageID #53.)  Based on this review of the motion, the Court **GRANTS** Plaintiff's motion to proceed *in forma pauperis*.

II.   **Jurisdiction**

Under 28 U.S.C. § 1331, the "district courts shall have original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States."  Generally, an action arises under the law that creates the cause of action. *Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 808 (1986) (quoting *American Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916)).  To determine if federal jurisdiction exists, courts rely on the "well pleaded complaint rule."  Whether a claim arises under federal law, turns on the well-pleaded allegations of the complaint and ignores potential defenses.  *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003); *Louisville & Nashville R.R. Co. v. Motley*, 211 U.S. 149, 152 (1908).

Here, Smart Properties & Logistics brings claims for forcible entry and detainer.  Ohio law creates these causes of action; therefore, they arise under State law—not federal law.  Smart Properties & Logistics could not have brought these claims in initially in federal court, which would lack the power to hear and decide

these claims. Accordingly, Mr. Levy may not remove the lawsuit on the basis of federal question jurisdiction.

Nor do his counterclaims provide a basis for jurisdiction, for two reasons. First, federal jurisdiction cannot rest on a counterclaim that asserts a federal question. *See, e.g.*, *Vaden v. Discover Bank*, 556 U.S. 49, 60 & n.10 (2009). "The well-pleaded complaint rule, properly understood, does not allow a counterclaim to serve as the basis for a district court's 'arising under' jurisdiction." *Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 830 (2002) (cleaned up). "For better or worse, under the present statutory scheme as it has existed since 1887, a defendant may not remove a case to federal court unless the *plaintiff's* complaint establishes that the case 'arises under' federal law." *Franchise Tax Bd. v. Construction Laborers Vacation Tr.*, 463 U.S. 1, 10 (1983).

Second, the counterclaim does not assert a federal claim in any event. Like the complaint that Smart Properties & Logistics brought, Mr. Levy's counterclaim brings an action based on a cause of action (breach of contract) that is a creature of State law, not federal law. Therefore, that claim arises under State law and cannot provide a basis for federal question jurisdiction even if a counterclaim could provide the basis for jurisdiction.

Finally, Mr. Levy bases jurisdiction on 28 U.S.C. § 1441(a). That statute grants federal courts power over "any civil action brought in a State court of which the district courts of the United States have original jurisdiction," upon removal. On its face, the statute does not operate as an independent grant of authority for the Court

4

to exercise jurisdiction. Instead, removal is proper only where the Court could have exercised original jurisdiction had the complaint been filed in federal court in the first instance. The only basis for the exercise of original jurisdiction Mr. Levy identifies is federal question jurisdiction under 28 U.S.C. § 1331, and that statute does not confer power on the Court to hear and decide this case. Nor can the Court identify any other basis on which it may exercise jurisdiction. Therefore, Section 1441 does not provide an independent basis for the Court to exercise jurisdiction in this case.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** the application of Mr. Levy to proceed *in forma pauperis* (ECF No. 2), determines that it lacks subject matter jurisdiction, and **REMANDS** this case to the Garfield Heights Municipal Court.

**SO ORDERED.**

Dated: January 14, 2025

J. Philip Calabrese
United States District Judge
Northern District of Ohio